Henry G-. Smith, J.,
delivered the opinion of the Court.
The action here is debt, brought by Joseph H. Gardner, administrator of Joseph Gardner, deceased, upon several judgments recovered by the decedent, Gardner, in his lifetime, before a Justice of the Peace, against Félix W. Henry and others; each of which judgments was for $488, and upon each of which, Lafayette McHaney was the stayor.
'* The defendant demurs to the declaration, and assigns for causes of demurrer; 1st, That an action of debt will *459 not lie on sucb judgment. 2d, That profert was not made of “the judgment.” Neither cause of demurrer is well taken.
The action of debt will lie upon a domestic judgment. In cases of this kind, the personal representative has choice of,two remedies — one, to revive the judgment by scire facias — the other, the action of debt: 1 Ch. Pl., 108, Comyn’s Dig., Title, Belt, A 2; 2 Swan’s Rep., 127. No reason is apparent, why the action of debt will not lie against the stayor as well as against the principal defendant in the judgment. The stay of execution is in the nature of a confession of judgment, and the stayor becomes a party to the judgment, and is properly suable as such.
Profert of the original papers, or of an exemplification, is not necessary. It is not required by the rules of pleading at common law, nor by the statutory law of Tennessee.
The statutory law varies from the common law, in respect of profert, no further than declared by the Act of 1819, ch. 27, sec. 2, (Nicholson & Caruthers’s Dig., 551,) carried into the Code, sec. 2393. The variance made by this Act, is, that profert is required to be made of unsealed instruments which are the foundation of the action; whereas, at the common law, such instruments are not required to be shown by way of profert,: 1 Ch. Pl., 350, (3d Amer., from 2d London edition.)
Reverse the judgment of the Court below; with leave to defendants to plead over.